## Case No. 14,601.

### UNITED STATES v. BLACK.

· [2 Cranch, C. C. 195.] 1

Circuit Court, District of Columbia. Dec. Term, 1819.

LARCENY—DISTRICT OF COLUMBIA—ACTS OF MARYLAND—HORSE-STEALING—TRIAL—PEREMPTORY CHALLENGE.

1. Horse-stealing, in the District of Columbia, is punishable as an ordinary larceny, under the act of congress of 1790 [1 Stat. 112], for the punishment of certain crimes: although, by Act Md. 1793, c. 57, § 10, and Act Md. 1799, c. 61, §§ 1, 3, the punishment is death, or labor on the roads in Baltimore county.

2. Where the punishment may be death, the court will allow peremptory challenge.

Indictment for stealing two horses of Coote and Hunter, respectively.

Mr. Jones, for the United States, contended that it was a capital offence, and punishable with death, or labor upon the roads, under the laws of Maryland, 1793, c. 57, § 10, and 1799, c. 61, §§ 1 and 3, and therefore the court, without deciding that point, allowed

1 [Reported by Hon. William Cranch, Chief Judge.]

the prisoner [Samuel Black] the right of peremptory challenge.

The jury found the prisoner guilty, and recommended him to mercy. On a subsequent day, Mr. Jones, U. S. Atty., moved the court to pass sentence of death, or confinement to hard labor, under the laws of Maryland, adopted by congress as the law of this part of the District of Columbia.

Mr. Key, for prisoner, contra. By the act of congress of April 30, 1790 (1 Stat. 112), larceny committed in any of the places under the sole and exclusive jurisdiction of the United States, is punishable by fine and whipping. This court has a discretion; and if the only alternative be death, or the punishment under the act of congress, the court will take the milder law; especially as the jury has recommended the prisoner to mercy. The court cannot send him to work on the roads in Baltimore county, as required or permitted by the Maryland law, in lieu of the punishment by death. Nor can the court condemn the prisoner to any other kind of labor, or at any other place. The law must be strictly pursued. This court has never sentenced a person under that law.

Mr. Jones, in reply, admitted the weight of use and practice of the court, in a doubtful case; but not if the law be clear and imperative. The adopted acts of Maryland are as much acts of congress as the act of 1790, for the punishment of certain crimes against the United States. That act was not made expressly for this district. It was made for forts and arsenals, before this district existed. The act of congress, adopting the laws of Maryland for this part of the district, was long subsequent to the act for the punishment of certain crimes, and quoad hoc repeals it. But, if both had been passed on the same day, the act of Maryland, providing, specifically, for horse-stealing, must prevail, and must be considered as an exception of that species of crime from the general law for the punishment of larceny. In Alexandria county, the particular case of stealing out of a store, is specifically punished. So, in the case of Nathan Way, who was indicted for stealing goods from a store, contrary to Act Md. 1729, c. 4, § 3, which takes away the benefit of clergy from the offence. The court may condemn the prisoner to hard labor, which is the essence of the punishment. The place and manner are accidental circumstances only. The inapplicability of the law to the circumstances of the district, if strictly considered, would abrogate a great part of the law of Maryland, in this district. The court must take the substance and apply it to the condition of this part of the district, or the law of Maryland cannot continue in force here.

THE COURT (nem. con.) was of opinion that this court cannot execute that part of the Maryland law which authorizes the courts of that state to commute the punishment of death for hard labor on the public roads of Baltimore county, etc. And if the court should decide that so much of the law is adopted as inflicts the punishment of death, without the alternative of hard labor, the law of Maryland would not be continued in force here, as required by the act of February 27, 1801 (2 Stat. 103), concerning the District of Columbia. Therefore, as the offence was punishable under the act of congress applicable to all places under the sole and exclusive jurisdiction of the United States, the court sentenced the prisoner to pay a fine and be publicly whipped, according to the 16th section of the act of congress of April 30, 1790 (1 Stat. 116).